UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL L. BRYANT, | ) | CASE NO. 4:22-CV-1907 |
| | ) | |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| WARDEN F. GARZA, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Jennifer Dowdell Armstrong (Doc. No. 9) recommending that Respondent Warden F. Garza's Motion to Dismiss (Doc. No. 8) Petitioner Darrell L. Bryant's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be granted and that Petitioner's Motion for Summary Judgment (Doc. No. 5) be denied as moot. The R&R alternatively recommends dismissal of this action without prejudice for failure to maintain accurate mailing information with the Court and denial of Petitioner's motion for summary judgment as moot.

### I. Background

On October 24, 2022, Petitioner submitted his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 asserting that the Bureau of Prisons had not properly calculated his federal time credits ("FTCs") under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194

(2018) ("FSA").  (Doc. No. 1.)  Petitioner seeks immediate prerelease placement or an order that any unused FTCs be used to reduce his term of supervised release.  (*Id*. at PageID 6-7.)[1]

On June 26, 2023, Petitioner filed a motion for summary judgment.  (Doc. No. 5.)[2]

On January 22, 2024, Respondent filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  With a sworn declaration in support, Respondent asserts that the BOP already applied the full 365 days of FTCs – the most an inmate can earn – to Petitioner's sentence.  (Doc. No. 8 at PageID 209-210; Doc. No. 8-1 at ¶ 4.)  As a result, Petitioner's release date changed from September 20, 2025, to September 20, 2024.  (Doc. No. 8-1 at ¶ 5.)  Respondent also states that Petitioner had already been moved to a residential reentry center on August 23, 2023.  (*Id*. at ¶ 6.)  Respondent further argues that the BOP cannot apply FTCs to reduce a term of supervised release.  (Doc. No. 8 at PageID 211, fn. 3.)  For these reasons, Respondent argues that Petitioner received the requested relief, and the case is moot, thereby depriving the Court of jurisdiction.

Respondent certified that a copy of the motion to dismiss was sent to Petitioner at 36 E. 7th Street, Cincinnati, Ohio 45202.  (*Id*. at PageID 212.)  The BOP website confirms that this is the residential reentry facility at which Petitioner receives mail.  (*See* bop.gov/locations/ccm/ccn.)  Petitioner did not oppose the motion to dismiss.

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID designation rather than any internal pagination.

[2] At the time the motion for summary judgment was filed, it does not appear from the docket that any individual with the Department of Justice received a copy of the filing, whether by mail or electronic notice.  The magistrate judge ordered position statements from the USAO/SDOH and USAO/NDOH to determine which office should submit a response.  (10/18/2023 Order; 12/5/2023 Order.)  Thereafter, and consistent with magistrate judge's 12/21/2023 Order, the USAO/NDOH timely submitted a motion to dismiss in lieu of a response to the motion for summary judgment.  Because the motion to dismiss challenges this Court's jurisdiction to resolve the dispute, the motion to dismiss takes priority.

On February 22, 2024, the R&R was issued. (Doc. No. 9.) The R&R notifies Petitioner of the need to state any objection to the R&R within 14 days of receiving a copy of the R&R; the consequences of any failure to timely object; and the effect of stating only a general objection. (*Id*. at PageID 235-36.) Petitioner has neither objected to the R&R nor sought additional time to do so.[3]

## II.  Legal Standard

### A.  Objections to a Report and Recommendation, Generally

Once a magistrate judge issues a report, the relevant statute provides:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C).

The failure to file written objections to the magistrate judge's R&R constitutes a waiver of a *de novo* determination by the district court of any issue addressed in the R&R. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *see also United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Here, Petitioner has not provided the Court with his most current address as required. (*See* Doc. No. 9 at PageID 226, 229-34.) Notwithstanding, a copy of the motion to dismiss was properly mailed to Petitioner. The Court will focus its review on the motion to dismiss.

---

[3] The docket entry and electronic date stamp both reflect that the R&R was issued on 2/22/2024. The docket text also indicates that a copy of the R&R was mailed to Petitioner on 2/22/2024, but to a location at which he was no longer held. As reflected in the R&R, Petitioner's failure to provide an updated address is another basis on which to deny his petition.

### B. Actual Injury and Mootness

"Federal courts are courts of limited jurisdiction which possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insur. Co. of Amer.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). "Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont' Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. Of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011). "If events occur during a case . . . that make it impossible for the court to grant any effectual relief whatever to a prevailing party, the [matter] must be dismissed as moot." *Id*. (internal quotations omitted) (citing *Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992).

Habeas petitions are treated no differently. A petitioner must have an actual, redressable injury throughout the proceedings. *Brock v. United States Dep't of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007). If the requested relief is realized during the pendency of the petition, the matter becomes moot and the Court no longer has jurisdiction. *Id*.; *Inniss v. Hemingway*, 657 F. Supp.3d 986, 988 (E.D. Mich. 2023).

The BOP applied 365 days of FTCs to Petitioner's sentence, the maximum he could receive under the applicable statute. (Doc. No. 8-1, PageID 214, 3-5, 8; *see also* 18 U.S.C. § 3624.) The BOP moved Petitioner into residential reentry housing on August 23, 2023. (Doc. No. 8-1 at ¶ 6; *see also* 12/26/2023 Returned Mail docket entry.) Petitioner's requests to receive the benefit of his FTCs and pre-release placement have been realized. (Doc. No. 8-1 at ¶ 8.) This portion of the petition is rendered moot.

Petitioner also requests that unapplied FTCs be used to reduce his term of supervised release.  First, all of Petitioner's FTCs have been applied to his sentence, which is why he is presently in pre-release status.  (*Id*. at ¶ 4.)  Thus, the remainder of the petition is also rendered moot.  But even if it was not, FTCs cannot be used to reduce a term of supervised release.  *United States v. Calabrese*, No. 1:11-cr-0437, 2023 WL 1969753, at *3 (N.D. Ohio Feb. 13, 2023) (collecting district court cases finding that FTCs apply only to pre-release custody and not terms of supervised release).

### III. Conclusion

The Court finds that Respondent's unopposed motion to dismiss plainly demonstrates that Petitioner has received the requested relief.  The Petition is now moot.  Accordingly, the Court GRANTS Respondent's Motion to Dismiss Petitioner's Writ of Habeas Corpus Petition pursuant to 28 U.S.C. § 2241 with prejudice.  This matter is closed.

**IT IS SO ORDERED.**

**Date**: March 15, 2024

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE